1  ROBERTA L. STEELE, SBN 188198 (CA)
   MARCIA L. MITCHELL, SBN 18122 (WA)
2  MARIKO M. ASHLEY, SBN 311897 (CA)
   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   450 Golden Gate Ave., 5th Floor West
4  P.O. Box 36025
   San Francisco, CA  94102
5  Telephone No. (650) 684-0943
   Fax No. (415) 522-3425
6  mariko.ashley@eeoc.gov

7  *Attorneys for Plaintiff EEOC*

8

9                      UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO AND OAKLAND DIVISION

12

13  U.S. EQUAL EMPLOYMENT OPPORTUNITY          Case No.:  4:25-cv-5484
    COMMISSION,
14
                    Plaintiff,                        **COMPLAINT**
15
                                                   **JURY TRIAL DEMAND**
16          vs.

17  WALMART INC.

18                  Defendant.

19
                          **NATURE OF THE ACTION**
20

21          This is an action under Title I of the Americans with Disabilities Act of 1990, as amended

22  (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the

23  basis of disability and to provide appropriate relief to Kathleen Alvarez (Alvarez), who is adversely

24  affected by such practices.  Plaintiff, the United States Equal Employment Opportunity Commission

25  (EEOC or Commission), alleges that Defendant, Walmart Inc. (Walmart), violated Section 102 of

26  the ADA by failing to provide Alvarez with readily available reasonable accommodations to allow

27  her to return to work to the job she performed for nine years or a vacant equivalent position and

1    placed her on an unpaid, extended leave of absence instead.

2                    **JURISDICTION AND VENUE**

3        1.        This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

4    This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities

5    Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and

6    (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.§ 2000e-5(f)(1) and (3), and

7    pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

8        2.        Defendant committed the alleged unlawful employment practices in San Leandro,

9    CA, which is within the jurisdiction of the United States District Court for the Northern District of

10   California.

11                    **DIVISIONAL ASSIGNMENT**

12       3.        This action is appropriate for assignment to the San Francisco and Oakland Division

13   of this Court because the unlawful employment practices alleged were committed in Alameda

14   County, which is within the jurisdiction of the San Francisco and Oakland Division per L.R. 3-5(b)

15   and 3-2(d).

16                           **PARTIES**

17       4.        Plaintiff EEOC is the federal agency charged with the administration, interpretation,

18   and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section

19   107(a) of the ADA, 42 U.S.C.§ 12117(a), which incorporates by reference Sections 706(f)(1) and (3)

20   of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

21       5.        At all relevant times, Defendant has operated a retail store in San Leandro, CA, and

22   has continuously had at least 15 employees.

23       6.        At all relevant times, Defendant has continuously been an employer engaged in an

24   industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5)

25   and (7).

26       7.        At all relevant times, Defendant has been a covered entity under Section 101(2) of the

27   ADA, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEDURES**

8.    More than thirty days prior to the institution of this lawsuit, Kathleen Alvarez filed a charge with the Commission alleging that Defendant discriminated against her in violation of the ADA.

9.    By letter dated July 30, 2024, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADA.

10.    The July 30, 2024, Determination also invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11.    The EEOC communicated with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the EEOC's Determination letter.

12.    The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.    By letter dated August 27, 2024, the EEOC issued to Defendant a notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

14.    All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

15.    Since at least April 5, 2021, Defendant has engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Defendant discriminated against Kathleen Alvarez when it refused to provide her with a reasonable accommodation so she could return to work in the position through its Temporary Alternative Duty program that she had performed for nine years, failed to reinstate or reassign her to an open position which she could perform with or without accommodation, and placed her on unpaid leave instead, in violation of Section 102(a) of the ADA.

16.    Alvarez was hired by Walmart on or about July 10, 2010, as an Overnight Grocery Stocker in Defendant's San Leandro, CA store.

17.     On or about January 8, 2011, Alvarez suffered workplace injuries which required carpal tunnel and trigger finger surgeries and resulted in permanent impairments.  As a result of Alvarez's continuing carpal tunnel syndrome and trigger finger, she experiences near-constant pain in her hands and is restricted from lifting, carrying, pushing, or pulling heavy items (depending on the time frame, no more than 5 to 20 lbs).  As she is restricted in her ability to use her hands, Alvarez's impairments have substantially limited her major life activities.

18.      Walmart subsequently reassigned Alvarez to perform workplace duties through its Temporary Alternative Duty (TAD) program.

19.     On January 17, 2011, Walmart issued Alvarez a "Bona Fide Job Offer-Temporary Alternative Duty" letter which confirmed Alvarez's restrictions: "no lifting over 10lbs, no pushing and pulling over 20 lbs," and described her TAD duties as "go back / zoner / rewrap."

20.     The offer letter also stated, "We expect the duration of this temporary alternative duty (T.A.D.) position to last until you are released to full duty or your restrictions are modified."

21.     Alvarez accepted the TAD position and signed the offer letter on January 17, 2011.

22.     Since January 17, 2011, Alvarez successfully performed job duties within her restrictions as described in her "Bona Fide Job Offer-Temporary Alternative Duty" letter as well as other TAD duties.   At all times, Alvarez could perform these duties with or without accommodation for her disabilities.

23.     Alvarez has not worked for Walmart as an Overnight Grocery Stocker since at least January 8, 2011.

24.     On information and belief, there is no maximum duration for TAD assignments.

25.     On information and belief, one employee in the San Leandro store with restrictions similar to Alvarez's remained in the TAD program for over twelve years performing duties similar to those performed by Alvarez.

26.     On information and belief, employees with restrictions due to work related injuries as well as non-work-related injuries can participate in the TAD program.

27.     Defendant assigned Alvarez to work as a Daytime Greeter through the TAD program

for about one year, checking customer receipts at the doors, greeting customers, and answering customer questions.

28.     Defendant then assigned Alvarez to a TAD role in Merchandise Product Protection, putting spider wrap and security tags on items, and opening locked cases for customers.

29.     Alvarez took COVID-19 approved leave from March 2020 to March 2021.  The COVID-19 leave approval letter stated that Alvarez's job was protected during her COVID-19 leave and her position may be temporarily filled but not replaced.

30.     On information and belief, since at least March 2020, Defendant assigned Alvarez's duties to other employees in the San Leandro store.

31.     On information and belief, since then, at least ten full time employees in San Leandro have performed duties including assisting customers locate items, retrieving products in locked cases and putting merchandise in portable security boxes, either as a regular assignment or through the TAD program.  Positions with these duties had various job titles including "Happy to Help" and "Merchandise Product Protection" Associate.

32.     On information and belief, Defendant also has employed in San Leandro at least ten employees who check customer receipts at the doors, greet customers, and answer customer questions, either as a regular assignment or through the TAD program.  Positions with these duties had various job titles including "Asset Protection Host" and "Greeter."

33.     On April 5, 2021, Alvarez requested the reasonable accommodation of returning to work in a position performing the duties she had performed successfully for nine years through the TAD program.

34.     From May 5, 2021 to November 10, 2022, Alvarez provided updated restrictions from her doctor to Sedgwick Claims Management, Inc., Walmart's third-party claims administrator.

35.     Alvarez's restrictions included: (1) push, pull, lift, and carry limits from 5 to 15 lbs., (2) work hour limits from 6 to 8 hours per day, (3) need to sit and stand at will, (4) no repetitive motion, gripping, or grasping, (5) no climbing ladders, and (5) intermittent time off to manage her conditions and attend doctor's appointments ranging from one hour to nine days per month.

36. At all times, the restrictions would not have prevented Alvarez from performing her TAD duties.

37. Walmart, through Sedgwick, repeatedly denied Alvarez's requests to return to her original TAD accommodation duties on May 19, 2021, March 28, 2022, July 28, 2022, September 28, 2022, and November 14, 2022, and did not offer her any alternative reasonable accommodation.

38. On information and belief, there was at least one vacancy in early 2024 for a position performing the same duties Alvarez previously performed within her restrictions through the TAD program.

39. Alvarez is a qualified individual with a disability who, under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102, 12111(8), can perform the essential functions of her TAD assignment or Defendant's Happy to Help or Asset Protection Host roles, with or without reasonable accommodation.

40. Alvarez had the requisite skill, experience, education, and other objective job-related requirements to perform her duties. During her tenure, she received yearly performance evaluations ranging from Valued Performance to Exceeds Performance.

41. Defendant violated Sections 102 (a), (b)(1) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and (b)(5)(A) by failing to engage in a good faith interactive process to identify reasonable accommodations, failing to implement reasonable accommodations that would have enabled Alvarez to return to work, refusing to reassign her to an open position within her restrictions, and placing her on unpaid leave instead.

42. The effect of the practices complained of in paragraphs 15 through 41 above has been to deprive Kathleen Alvarez of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

43. The unlawful employment practices complained of in paragraphs 15 through 41 above were intentional.

44. The unlawful employment practices complained of in paragraphs 15 through 41 above were done with malice or with reckless indifference to the federally protected rights of

Kathleen Alvarez.

**<u>PRAYER FOR RELIEF</u>**

Wherefore the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Walmart Inc. and its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates on the basis of disability.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Kathleen Alvarez by providing appropriate back pay with prejudgment and post judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D.      Order Defendant to make whole Kathleen Alvarez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 through 44 above, including job search and medical expenses, in amounts to be determined at trial.

E.      Order Defendant to make whole Kathleen Alvarez by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 15 through 44 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 15 through 44 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

///

1

## **JURY TRIAL DEMAND**

2     The Commission requests a jury trial on all questions of fact raised by this Complaint.

3

4     Dated: June 30, 2025                    Respectfully submitted,

5

6     BY: */s/ Roberta L. Steele*            ANDREW ROGERS
          Roberta L. Steele                  Acting General Counsel
7         Regional Attorney
                                             CHRISTOPHER LAGE
8     BY: */s/ Marcia L. Mitchell*           Deputy General Counsel
          Marcia L. Mitchell
9         Assistant Regional Attorney        GWENDOLYN YOUNG REAMS
                                             Associate General Counsel
10    BY: */s/ Mariko M. Ashley*
          Mariko M. Ashley                   Office of the General Counsel
11        Senior Trial Attorney             131 "M" Street NE
                                             Washington, D.C. 20507
12
      U.S. EQUAL EMPLOYMENT
13    OPPORTUNITY COMMISSION
      San Francisco District Office
14    450 Golden Gate Ave., 5th Floor West
      P.O. Box 36025
15    San Francisco, CA  94102
      Telephone No. (650) 684-0943
16    Fax No. (415) 522-3425
      mariko.ashley@eeoc.gov
17

18                                           Attorneys for Plaintiff
                                             U.S. EQUAL EMPLOYMENT
19                                           OPPORTUNITY COMMISSION

20

21

22

23

24

25

26

27